THE STATE OF OHIO, APPELLEE, *v.* CHEADLE, APPELLANT.

(No. 14-84-29—Decided March 11, 1986.)

*Kevin Pelanda,* assistant prosecuting attorney, for appellee.

*Michele M. Cheadle,* for appellant.

COLE, J. This is an appeal from a judgment of conviction and sentence of the defendant by the Marysville Municipal Court for the offense of domestic violence in violation of R.C. 2919.25.

The major issue presented is procedural in nature and involves the right to trial by jury.

The appellant's first assignment of error reads as follows:

"The trial court was without jurisdiction and its judgment is void where the trial court did not comply with the mandatory provisions of R.C. 2945.05 after defendant-appellant had demanded a trial by jury pursuant to Crim. R. 23(A)."

The docket and journal entries disclose that the defendant was charged by an affidavit filed on September 24, 1984. On October 10, 1984, the defendant, in writing, entered a plea of not guilty and demanded a trial by jury. The offense is a misdemeanor of the first degree which is punishable by imprisonment not to exceed six months. This constitutes a petty offense by virtue of Crim. R. 2. Crim. R. 23(A) provides in part:

"* * * In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court * * *."

Here such a timely notice was filed and, imprisonment being a part of the penalty for the offense, he had a constitutional right to trial by jury. This right was not, therefore, lost by a failure to demand it. *Lima* v. *Rambo* (1960), 113 Ohio App. 158, 17 O.O.2d 133, 177 N.E.2d 554.

On November 26, 1984 a letter from the defendant's counsel was filed accompanied by a waiver of trial by jury which

was not, in fact, signed by the defendant, but was a journal entry signed by the court which reads as follows:

## "WAIVER OF JURY

"Now comes the defendant, Arthur F. Cheadle, by and through counsel, and hereby waives his right to a jury trial, and requests that this matter be set down for a trial before the Court. Defendant acknowledges that this matter will now be scheduled for 8:30 a.m. on November 28, 1984.

"(signed but illegible)

"JUDGE
"APPROVED:
"KEMP, SCHAEFFER & ROWE CO., L.P.A.
"BY: (signed)

"STEPHEN A. MOYER
(MOY-04)
Attorney for Defendant
45 North Wilson Road
Columbus, Ohio 43204
(614) 276-2678"

The case was thereafter tried to the court, the defendant being present and testifying. No objection to trial by the court was made either by the defendant or his counsel.

The question, therefore, presented by the assignment of error is:

Does a defendant who has properly demanded a trial by jury and who is entitled to trial by jury by law waive that right under the facts and circumstances above set forth?

Crim. R. 23 makes no provision for waiver. Such provision is made by statute. R.C. 2945.05 provides:

"In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: 'I _____, defendant in

the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.' "

Thus, waiver is authorized only by a writing signed by the defendant, not by his counsel, and filed in the case.

In *State* v. *Tate* (1979), 59 Ohio St. 2d 50, 13 O.O. 3d 36, 391 N.E. 2d 738, certiorari denied (1979), 444 U.S. 967, the syllabus reads:

"Where a defendant in a petty offense case has a right to trial by jury and pleads not guilty and demands a jury trial in the manner provided by Crim. R. 23(A), it must appear of record that such defendant waived this right in writing in the manner provided by R.C. 2945.05, in order for the trial court to have jurisdiction to try the defendant without a jury."

It is quite clear that in the present case it does not "appear of record that such defendant waived this right in writing in the manner provided by R.C. 2945.05." There is nothing to show the defendant himself ever, in writing, waived his right and the opinion in *Tate, supra,* makes it quite clear that neither silent acquiescence nor oral waiver by counsel is adequate. Moreover, the writing here signed was actually signed by the judge and simply approved by defendant's counsel. It merely represents such a waiver was made through counsel, not made by a written waiver.

This being the case, we conclude the assignment of error is well-taken.

Appellant's further assignments of error are entirely conditional in nature. It is stated in his brief:

"If this court overrules defendant's first assignment of error, then in order to raise all errors for review the defendant presents the following additional assignments of error."

But, the condition is not satisfied.

We do not overrule the first assignment of error and, hence, will not proceed to the conditional assignments.

*Judgment reversed.*

GUERNSEY, P.J., and MILLER, J. concur.