The STATE of Ohio, Appellee,

v.

SLACK, Appellant.

[Cite as *State v. Slack* (1991), 68 Ohio App.3d 388.]

Court of Appeals of Ohio,
Scioto County.

No. 90CA1890.

Decided Feb. 13, 1991.

*Howard H. Harcha III*, City Prosecutor, for appellee.
*Mark W. Price*, for appellant.

STEPHENSON, Presiding Judge.

This is an appeal from a judgment of conviction and sentence entered after a bench trial wherein Scott B. Slack, defendant below and appellant herein, was found guilty of operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1), a first degree misdemeanor.[1] Appellant was sentenced to five days in jail and assessed a fine of $500 and costs. The following error is assigned.

"The Portsmouth Municipal Court should not have overruled the defendant's second demand for a jury trial."[2]

The following facts, pertinent to this appeal, appear in the record. On February 26, 1990, appellant was arrested and cited for violation of R.C. 4511.19(A)(1) and driving left of center in violation of R.C. 4511.25. On February 26, 1990, he entered a plea of not guilty to both charges and trial was set for March 27, 1990. No jury demand pursuant to Crim.R. 23(A) was filed according to the record.[3]

On March 27, 1990, trial was not held but on that date appellant filed a written waiver of jury trial, and the case was set over to April 9, 1990 for a hearing on a change of plea, but no change of plea was made on that date.

---

1. Appellant has also appealed his driving to the left of center conviction. Such offense is a minor misdemeanor and there is no right to trial by jury and no error is assigned with respect to that conviction. Accordingly, the judgment is affirmed to the driving left of center.

2. With respect to the R.C. 4511.19(A)(1) offense, it is a "[p]etty offense" by definition under Traf.R. 2 since confinement is authorized under R.C. 4511.99, with a right to trial by jury under R.C. 2945.17. Pursuant to Traf.R. 9(A), a jury demand must be made pursuant to Crim.R. 23(A).

3. While both appellant's and appellee's briefs assert a jury demand was filed, we are bound by the record certified to this court.

On April 10, 1990, appellant filed a demand for a jury trial signed only by his attorney. On April 10, 1990, the date of filing of the jury request, the court filed an entry overruling the jury demand and set the case for trial on April 13, 1990. A bench trial was held on April 13, 1990 and appellant was found guilty and sentenced.

Crim.R. 23 reads, in pertinent part:

" * * * In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."

Accordingly, when the case came on for trial on March 27, 1990, by force of Crim.R. 23 the right to trial by jury had been waived, and if a trial had occurred on that date, trial to the court would have been proper.

Additionally, appellant executed on March 27, 1990 a written waiver of jury trial. While Crim.R. 23(A) provides the procedure to demand a jury trial, the rules are silent as to the procedure as to how a timely demanded jury trial can be waived. In *State v. Tate* (1979), 59 Ohio St.2d 50, 13 O.O.3d 36, 391 N.E.2d 738, it was held that R.C. 2945.05 was not superseded by Crim.R. 23(A) and that R.C. 2945.05 provided the procedure for waiver of a timely demanded jury trial in a petty offense case. The court held in the syllabus that:

"Where a defendant in a petty offense case has a right to trial by jury and pleads not guilty and demands a jury trial in the manner provided by Crim.R. 23(A), it must appear of record that such defendant waived this right in writing in the manner provided by R.C. 2945.05, in order for the trial court to have jurisdiction to try the defendant without a jury."

R.C. 2945.05 provides:

"*In all criminal cases* pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: 'I ..., defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.'

"Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. *Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.*" (Emphasis added.)

Thus, if there is a right to trial by jury in a petty offense case and a timely demand is filed, such waiver can be withdrawn anytime before trial upon a new demand for a jury. *State v. Grimsley* (1982), 3 Ohio App.3d 265, 3 OBR 308, 444 N.E.2d 1071, see, also, *State v. Frohner* (1948), 150 Ohio St. 53, 37 O.O. 406, 80 N.E.2d 868, interpreting G.C. 13442-4 (predecessor section to R.C. 2945.05).

The right given in R.C. 2945.05 to withdraw a written waiver before trial does not aid appellant herein and is inapplicable. The reason for non-applicability is that the R.C. 2945.05 was intended to operate only when there was a right to jury otherwise existing. At the time the jury waiver was executed no right to jury trial existed, having been waived by failing to timely file a jury demand under Crim.R. 23(A).

The next issue is whether the failure to file a timely jury demand for the March 27, 1990 hearing barred any further jury demand in the case even though trial was not held on March 27, 1990. After the new jury demand was made on April 10, 1990, the court denied the demand and set the case for April 13, 1990. In *Tallmadge v. DeGraft–Biney* (1988), 39 Ohio St.3d 300, 530 N.E.2d 1310, the court held in the syllabus as follows:

"The time limits of Crim.R. 23(A) regarding the filing of a jury demand are to be computed with respect to the last scheduled trial date. Where a jury demand is not timely filed with respect to the originally scheduled trial date, a continuance of the trial will renew the time within which to file a jury demand. (*State v. Stauffer* [1976], 48 Ohio St.2d 54, 2 O.O.3d 169, 356 N.E.2d 724, overruled.)"

It follows that since a jury demand had been filed on April 10, 1990, and since, on that date, the trial court set the hearing for April 13, 1990, the demand was timely as it was filed "on or before the third day following receipt of notice," *i.e.*, it was made on April 10, 1990, the date the notice was sent.

Finally, appellee argues the jury demand was not properly filed because it was signed only by appellant's attorney. No authority is cited to require a defendant to personally sign a jury request. We note Crim.R. 23(A) does not contain such requirement. While a defendant who seeks to waive a jury trial must personally sign the waiver, see *State v. Cheadle* (1986), 30 Ohio App.3d 253, 30 OBR 412, 507 N.E.2d 426, it does not logically follow that

when the written demand is for a jury trial it must be signed by the defendant.

It will be noted that R.C. 1901.24, as it formerly existed, permitted a jury demand to be filed by the accused *or* his attorney in municipal court. 1 Anderson's Ohio Criminal Practice and Procedure (1989) 112, Form 4.27 is drafted for the jury request in a petty offense case to be signed only by the accused's attorney. We conclude that the filing of a jury request in a petty offense case is within the general authority of the attorney to control the procedure for a defendant's defense and is sufficient to require trial by jury.

For the aforementioned reasons, appellant's assignment of error is sustained with respect to appellant's DUI conviction and overruled with respect to appellant's driving left of center conviction. The cause is remanded for further proceedings consistent with this opinion.

*Judgment affirmed in part*
*and reversed in part.*

GREY and STAPLETON, JJ., concur.

WILLIAM B. STAPLETON, J., of the Court of Common Pleas of Brown County, sitting by assignment.