DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Toledo Municipal Court which found appellant, Frank Prude, guilty of menacing and imposed a sentence of 30 days incarceration which were suspended; appellant was placed on probation for a period of one year. For the reasons stated herein, this court affirms the judgment of the trial court.
The following facts are relevant to this appeal. On May 21, 2002, a complaint was filed against appellant alleging menacing. The menacing charge resulted from a verbal altercation during which the victim alleged that appellant verbally threatened her. Appellant was arraigned; appellant was found to be indigent and a public defender was appointed. A trial to the bench was held on July 12, 2002. Before any testimony was taken, appellant's trial counsel requested a continuance in order for appellant to secure other counsel, stating that appellant believed that "I have been representing him in an ineffective way." The trial court denied this motion.
The trial proceeded. The victim and appellant both testified. At the conclusion of the testimony, the trial judge found that the victim was more credible and found appellant guilty as charged. Appellant filed a timely notice of appeal.
Jane E. Roman, appellant's court appointed counsel, has filed a brief with this court together with a motion to withdraw as counsel, pursuant to the guidelines set forth in Anders v. California (1967), 386 U.S. 738. In Anders, the United States Supreme Court established five criteria which must be met before a court may grant appellate counsel's motion to withdraw. Id. at 744. The five criteria are: (1) a showing that appellate counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; (2) a showing that a motion to withdraw has been filed by appellate counsel; (3) the existence of a brief filed by appellate counsel raising any potential assignments of error that can be argued on appeal; (4) a showing that appellate counsel provided appellant with a copy of the brief which was filed; and (5) a showing that appellate counsel provided an adequate opportunity for appellant to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address. Id. at 744. All five criteria have been met in this case.
Appellant's court appointed counsel indicates that a thorough review of the record resulted in a determination that the appeal was without merit and that she so advised appellant. Counsel states further that she provided appellant with a copy of the brief and advised appellant of his right to file his own brief. The brief filed by appellant's counsel contains the following proposed assignment of error:
"Whether defendant-appellant was denied the effective assistance of counsel at trial, in violation of his Sixth Amendment rights."
On January 27, 2003, appellant filed a pleading captioned "Brief of appellant pursuant to State v. Cheadle." In his brief, appellant sets forth the following assignment of error:
"Whether defendant-appellant was denied the right to a jury trial in violation of his Sixth Amendment rights."
In regard to the ineffective assistance of counsel claim, the law is well established. The standard for determining whether a trial attorney was ineffective requires appellant to show: (1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under the Sixth Amendment and (2) that the deficient performance prejudiced appellant's defense. Strickland v.Washington (1984), 466 U.S. 668, 686-687. In essence, appellant must show that his trial, due to his attorney's ineffectiveness, was so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorney's deficient performance. Id. at 694.
Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. See, also, State v. Carter (1995),72 Ohio St.3d 545, 558. ("To justify a finding of ineffective assistance of counsel, the appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy.") A trial counsel's choice of tactics must be given deference.State v. Nobles (1995), 106 Ohio App.3d 246, 276, discretionary appeal not allowed (1996), 74 Ohio St.3d 1510. Appellant bears the burden of proving that his trial counsel was ineffective. State v. Martens (1993),90 Ohio App.3d 338, 351.
It is well established that the constitution does not guarantee a perfect trial or even the best available defense. "The Sixth Amendment guarantee of effective assistance of counsel requires only that defense counsel perform at least as well as an attorney with ordinary training and skill in criminal law." Id.
Effective assistance of counsel does not guarantee results. State v.Longo (1982), 4 Ohio App.3d 136, 139. "A failure to prevail at trial does not grant an appellant license to appeal the professional judgment and tactics of his trial attorney." State v. Hart (1988), 57 Ohio App.3d 4,10.
In the assignment of error set forth by appellate counsel, appellant asserts that he was denied the effective assistance of counsel at trial when trial counsel failed to subpoena a witness to testify on his behalf. This court finds no merit in this assignment of error.
Counsel's decisions on which witnesses to call fall within the province of trial strategy and will not usually constitute ineffective assistance of counsel. State v. Miller (1988), 43 Ohio App.3d 44, 45. In accord,State v. Hunt (1984), 20 Ohio App.3d 310, 312; State v. Coulter (1992),75 Ohio App.3d 219, 230. The decision of trial counsel not to pursue every possible trial tactic for reasons of strategy does not result in ineffective assistance of counsel. State v. Brown (1988),38 Ohio St.3d 305, 319, certiorari denied (1989), 489 U.S. 1040. See, also, State v. Phillips (1995), 74 Ohio St.3d 72, 85. ("Debatable trial tactics generally do not constitute a deprivation of effective counsel.")
This court has reviewed the performance of appellant's trial counsel in light of the error of practice asserted by appellate counsel. This court concludes, on the state of this record, that his trial attorney's conduct at trial was neither ineffective nor prejudicial.
Accordingly, the assignment of error asserted by appellate counsel is found not well-taken.
In the assignment of error set forth by appellant, appellant asserts that he was denied his Sixth Amendment right to a jury trial. This court finds no merit in this assignment of error.
Appellant was charged with menacing, a misdemeanor. Crim.R. 2(D) defines a "petty offense" as a "misdemeanor other than a serious offense." As such, menacing is a petty offense as defined by Crim.R. 2(D). Crim.R. 23(A) provides in part:
"* * * In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court * * *. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."
As noted by the court in State v. Pflanz (1999), 135 Ohio App.3d 338,339:
"A defendant in a petty offense case waives his right to a jury unless the defendant has filed a demand for a jury trial. See Crim.R. 23. Once the demand for a jury trial has been filed in a petty offense case, the trial judge may not try the defendant without a jury unless the defendant makes a knowing, voluntary, and intelligent waiver of his right to a jury trial, and that waiver is made a part of the record pursuant to R.C.2945.05. See State v. Tate (1979), 59 Ohio St.2d 50, 13 O.O.3d 36,391 N.E.2d 738; State v. Cheadle (1986), 30 Ohio App.3d 253, 253. * * *"
Appellant relies upon State v. Cheadle (1986), 30 Ohio App.3d 253, in support of his assignment of error. However, upon a review of the record in this case, this court has determined that no demand for a jury trial was filed in his case. Thus, appellant's reliance is misplaced.
Accordingly, the assignment of error asserted by appellant is found not well-taken.
Pursuant to Anders, this court is required to review the record independently to determine that appellate counsel has made a diligent, thorough and sound effort and that the proceedings below were free from prejudicial error and conducted without infringement of appellant's constitutional rights. This court's own thorough and independent review of the record in this case fails to demonstrate any arguable issues.
Therefore, this court finds this appeal to be without merit and wholly frivolous. The motion to withdraw filed by appellant's appointed counsel is found well-taken and is granted. The judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the court costs of this appeal.
 JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Judith Ann Lanzinger, J., and Arlene Singer, J. CONCUR.