OPINION
{¶ 1} Defendant-appellant, Robert Petitjean II, appeals his Middletown Municipal Court conviction for the misdemeanor offense of domestic violence.
 {¶ 2} Although appellant's pro se brief fails to allege any specific assignments of error, the arguments presented therein contend that appellant's conviction was against the weight of the evidence and that appellant was denied the effective assistance of counsel.[1]
 {¶ 3} In his brief, appellant claims counsel failed to properly follow through on his request for a jury trial. We note that counsel, upon making his initial appearance on behalf of appellant, timely filed a written request for a jury trial on all charges. The record on appeal, however, indicates that appellant was convicted following a bench trial.[2]
 {¶ 4} Appellant was charged with misdemeanor domestic violence. By definition, this offense is classified as a petty offense case. See Crim.R. 2(D). Petty offense cases are to be tried to the court unless the accused demands a jury trial in writing. Crim.R. 23(A). Where a defendant charged with a petty offense demands a trial by jury, any waiver of the previously requested jury trial must be in writing and signed by the defendant. State v. Cheadle (1986), 30 Ohio App.3d 253.
 {¶ 5} Upon the state's failure to file an appellate brief, we may accept an appellant's statement of facts and issues as correct and reverse judgment if the appellant's brief reasonably appears to sustain such action. State v. Myers (1997),119 Ohio App.3d 642. A review of the record fails to disclose that appellant, having invoked his right to a jury trial in writing, subsequently waived that right by executing a written waiver that was made part of the record.
 {¶ 6} The fact that appellant failed to specifically or even artfully raise this particular argument on appeal is immaterial since plain error occurs where a defendant files a jury demand but is subsequently tried to the court in the absence of a waiver being made part of the record. See State v. Pflanz (1999),135 Ohio App.3d 338.
 {¶ 7} We find that appellant, having properly invoked his right to a jury trial, was denied that right by being tried to the bench. Consequently, the conviction must be reversed and the matter remanded for trial by jury.
 {¶ 8} Judgment reversed.
Walsh, P.J., and Bressler, J., concur.
[1] Appellee, the state of Ohio, has not filed a brief in this case.
[2] The file includes appellant's written request for a jury trial. The transcript of proceedings is limited to the actual trial testimony of the witnesses — no opening or closing statements, no sidebar conferences, no statements by the trial court regarding the case. There are no jury verdict forms, jury instructions or anything else in the record suggesting that appellant's case was tried to a jury.