OPINION *Page 2 
{¶ 1} Defendant-Appellant Cory A. Conn ("Conn") appeals from the January 7, 2008 Journal Entry of the Marysville Municipal Court, Union County, Ohio sentencing him to thirty days in jail, with all 30 days suspended, a $250 fine, with $100 suspended, three years probation, and the requirement that Conn participate in counseling for his conviction for Domestic Violence, in violation of R.C. 2919.25(A), a first degree misdemeanor.
 {¶ 2} This matter stems from a domestic dispute that occurred on October 12, 2007 between Conn and his girlfriend, Bridgett Terry ("Terry"), who is also the mother of his child. Early in the morning on October 12, 2007, Conn arrived at Terry's home in Marysville, Ohio. Conn was visibly intoxicated and an argument between Terry and Conn resulted in Terry being pushed to the ground, sustaining injuries on her shoulder.
 {¶ 3} On October 12, 2007, Conn was charged in Marysville Municipal Court with Domestic Violence, in violation of R.C. 2919.25(A).
 {¶ 4} On October 18, 2007 Conn filed a "Demand for Jury Trial," which waived reading of the complaint, pled not guilty, and waived Conn's speedy trial rights. Other than the title of the motion "Demand for Jury Trial," this motion made no mention that Conn was requesting a jury trial.
 {¶ 5} On December 12, 2007 Conn and his counsel both signed a "Waiver of Trial by Jury." Also on December 12, 2007 the trial court filed an "Entry *Page 3 
Setting Case for Hearing" which continued the matter, noting that a jury trial had been waived, and setting a bench trial scheduled for January 7, 2008. This document was signed by both Conn and the trial court judge.
 {¶ 6} A bench trial was held on January 7, 2008. Conn was found guilty. The trial court sentenced him to thirty days in jail, with all 30 days suspended, a $250 fine, with $100 suspended, three years probation, and the requirement that Conn participate in counseling for his conviction for Domestic Violence, in violation of R.C. 2919.25(A), a first degree misdemeanor.
 {¶ 7} Conn now appeals, asserting four assignments of error.
 ASSIGNMENT OF ERROR I THE TRIAL COURT LACKED JURISDICTION TO CONDUCT A BENCH TRIAL BECAUSE APPELLANT FILED A PROPER JURY DEMAND WHICH HE NEVER PROPERLY WAIVED IN WRITING AND SUCH PURPORTED JURY WAIVER DOES NOT APPEAR ON THE JOURNAL OF THE COURT.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED AS A MATTER OF LAW BY PROCEEDING WITH A BENCH TRIAL WHEN APPELLANT'S PURPORTED WAIVER OF A JURY TRIAL WAS NOT PROPERLY EXECUTED IN WRITING, AND THE WAIVER WAS NOT "MADE IN OPEN COURT" AND WAS NOT MADE A PART OF THE RECORD.
 ASSIGNMENT OF ERROR III THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING APPELLANT GUILTY BECAUSE SUCH VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. *Page 4 
 ASSIGNMENT OF ERROR IV THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING APPELLANT GUILTY BECAUSE SUCH VERDICT WAS BASED ON INSUFFICIENT EVIDENCE.
 {¶ 8} In his first and second assignments of error, Conn argues that the trial court erred by conducting a bench trial without a proper jury waiver.
 {¶ 9} At the outset, we note that in Ohio a criminal defendant's right to be tried by a jury is secured by Article I, Section 10 of the Ohio Constitution and R.C. 2945.17. This right extends to Conn in the instant case, because he faced a potential jail sentence for the offenses charged. See State v. Straka, 3rd Dist. No. 11-06-01,2006-Ohio-2786; State v. Tate (1979), 59 Ohio St.2d 50, 51,391 N.E.2d 738. However, Crim. R. 23(A) more specifically provides the distinction between when the right to a jury trial is presumed and when a defendant must file a jury demand as follows:
 In serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. Such waiver may also be made during trial with the approval of the court and the consent of the prosecuting attorney. In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto.
 {¶ 10} As Crim. R. 23(A) provides, there is no absolute right to a jury trial in cases where the defendant has been charged with a "petty offense." See also, *Page 5 Hoffman v. State (1918), 98 Ohio St. 137, 120 N.E. 234; City of Mentorv. Giordano (1967), 9 Ohio St.2d 140, 224 N.E.2d 343. "The guarantee of a jury trial in criminal cases contained in the state and federal Constitutions is not an absolute and unrestricted right in Ohio with respect to misdemeanors, and a statute, ordinance or authorized rule of court may validly condition the right to a jury trial in such a case on a written demand therefore * * *." Giordano, 9 Ohio St.2d 140 at ¶ 1 of the syllabus. Thus, it is permissible for the State to require, by statute or rule, an affirmative act on the part of the defendant to demand a jury trial in a misdemeanor case. Id. at 143.
 {¶ 11} In determining what constitutes a "petty offense" Crim. R. 2 defines a "petty offense" as any misdemeanor that permits a term of confinement for a period of six months or less. Crim. R. 2(C)-(D). Conn was charged with one count of Domestic Violence, in violation of R.C. 2919.25(A), a first degree misdemeanor, which carries a possible jail term of six months or less, making it a "petty offense" under the Crim. R. 2 definition.
 {¶ 12} Therefore, in the present case, we must determine whether a jury demand was actually made. On October 18, 2007 Conn filed a "Demand for Jury Trial," which waived reading of the complaint, pled not guilty, and waived Conn's speedy trial rights. Other than the title of the motion "Demand for Jury Trial," this motion made no mention that Conn was requesting a jury trial. We note, however, that this motion was timely filed to meet the requirements of Crim. R. 23(A). *Page 6 
 {¶ 13} On December 12, 2007 Conn and his counsel both signed a "Waiver of Trial by Jury." Also on December 12, 2007 the trial court filed an "Entry Setting Case for Hearing" which continued the matter, noting that a jury trial had been waived for a bench trial scheduled for January 7, 2008. This document was signed by both Conn and the trial court judge.
 {¶ 14} This Court has previously noted that "[w]here a defendant in a petty offense case has a right to trial by jury and pleads not guilty and demands a jury trial in the manner provided by Crim. R. 23(A), it must appear of record that such defendant waived this right in writing in the manner provided by R.C. 2945.05, in order for the trial court to have jurisdiction to try the defendant without a jury." State v.Cheadle (1986), 30 Ohio App.3d 253, 254, 507 N.E.2d 426 quotingTate, 9 Ohio St.2d 50, at syllabus. See also State v. Petitjean, 12th Dist. No. 2005-05-123, 2006-Ohio-1435.
 {¶ 15} R.C. 2945.05 provides the requirements for a valid jury waiver where either a serious offense has occurred, or for a waiver, occurring after a defendant has invoked his right to a jury trial for a petty offense, providing as follows:
 In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I _________, defendant in the above cause, hereby voluntarily waive and relinquish my right *Page 7 to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."
 Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.
 {¶ 16} The written waiver in the present case, which bore the signature of Conn and his attorney provided:
 I, undersigned Defendant, charged with one or more misdemeanor criminal and/or traffic offenses and having been advised of my right to have a trial by a jury of eight persons in this matter, do hereby knowingly and voluntarily waive my right to such jury trial and consent to submit my case to the Court without a jury. No promises or threats have induced me to waive this right. I wish this case to be heard at 8:30 a.m. on the date previously set for trial for bench trial.
 {¶ 17} We agree with the finding of the trial court that this language is sufficient to comply with the waiver requirements of R.C.2945.05. Moreover, the "Waiver of Trial by Jury,"and "Entry Setting Case for Hearing" are supported by the record of the pre-trial conference held on December 12, 2007 in which Conn's counsel requested a bench trial. The December 12, 2007 pre-trial conference was held in open court, with Conn in attendance when the following conversation took place.
 Mr. Johnson [defense counsel]: We have waived the jury on that case, your Honor. And we're respectfully requesting a hearing. I'm indifferent about date. The date can be pursuant *Page 8 to the Prosecutor's convenience. The — I'm looking now for the jury trial date.
 Mr. Eufinger [State's counsel]: I'm sorry. So you want a bench trial?
 Mr. Johnson: Yeah.
 The Court: January 7th.
 Mr. Johnson: January 7th will be fine if that's convenient with the court — or I'm sorry — the Prosecutor.
 The Court: This is a domestic violence case. Any objection to the same date for the jury trial then, Mr. Eufinger?
 Mr. Eufinger: You mean bench trial?
 The Court: I'm sorry. The bench trial.
 Mr. Eufinger: I don't see any problem with that.
 Mr. Johnson: Thank you, your Honor. Have a good day, sir.
(Tr.p. 3-4 December 12, 2007 Pre-trial Conference)
 {¶ 18} Conn further attempts to argue that because it appears he checked the box for a plea on the form containing the jury waiver, this waiver is invalid. We do not find this to be the case, as the box requesting a bench trial is clearly marked, with the plea box marked and then scratched out. Additionally, the trial Court's December 12, 2007 Entry, signed by Conn, scheduling the bench trial, lends additional support that he intended to waive the previously requested jury trial. Accordingly, Conn's first and second assignments of error are overruled. *Page 9 
 {¶ 19} In his third and fourth assignments of error, Conn argues that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence.
 {¶ 20} Reviewing a challenge to the sufficiency of the evidence, requires this Court to examine the evidence in the light most favorable to the prosecution. In State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, the Ohio Supreme Court set forth the sufficiency of the evidence test as follows:
 [A]n appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Jenks, 61 Ohio St.3d at 273.
 {¶ 21} Alternatively, when reviewing whether a verdict is against the manifest weight of the evidence, the appellate court must review the entire record, consider the credibility of witnesses, and determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, 1997-Ohio-52.
 {¶ 22} It is important to remember that the credibility to be afforded the testimony of the witnesses is to be determined by the trier of fact.State v. Dye *Page 10 
(1998), 82 Ohio St.3d 323, 329, 695 N.E.2d 763, 1998-Ohio-234; State v.Frazier (1995), 73 Ohio St.3d 323, 652 N.E.2d 1000, 1995-Ohio-235.
 {¶ 23} In the present case, Conn was charged with Domestic Violence in violation of R.C. 2919.25(A). R.C. 2919.25(A) provides: "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member." Moreover, R.C. 2919.25(F)(1)(b) includes in the definition of family or household member "[T]he natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent."
 {¶ 24} On October 12, 2007 a domestic dispute occurred between Conn and his girlfriend, Terry. Terry and Conn also have a child together. Early in the morning on October 12, 2007, Conn went to Terry's home in Marysville, Ohio. Conn was drunk when he arrived at the home and Terry took his keys so that he could not drive.
 {¶ 25} After Terry took Conn's keys, an argument ensued. Terry stated that "I gave him his keys back and then we walked outside and he threw a pizza box at me. And then I talked to him and we started yelling at each other. And then he grabbed me. And then I think that's when I pulled away from him and I tried to hit him." (Tr.p. Trial 9).
 {¶ 26} After Conn grabbed Terry, she fell when she tried to pull away from him, falling, resulting in a scrape on her shoulder. (Id. at 10-11). After she fell, Conn grabbed Terry and pushed her into the bushes and started yelling at her, *Page 11 
calling her a "dumb bitch." (Id. at 12-14). Conn also pushed Terry into a trash can at one point, grabbing her by her throat. (Id.).
 {¶ 27} Terry subsequently walked to a nearby store and phoned the police. After which, Conn drove off and did not return that night. From all of the testimony given at trial, it was reasonable for the trial court as trier of fact to conclude that Conn knowingly caused or attempted to cause physical harm to a family or household member; and therefore, the essential elements of Domestic Violence were proven beyond a reasonable doubt. Furthermore, we cannot say that the trial court lost its way in considering and weighing the evidence presented. Accordingly, Conn's third and fourth assignments of error are overruled.
 {¶ 28} Based on the foregoing, the January 7, 2008 Journal Entry of the Marysville Municipal Court, Union County, Ohio is affirmed.
Judgment affirmed.
 PRESTON, J., concurs.
 ROGERS, J., dissents.