[Cite as *State v. White*, 2013-Ohio-5858.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JASON V. WHITE | : | Case No. CT2013-0039 |
| | : | |
| Defendant- Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the County Court, Case No. CRB1300346


JUDGMENT:      Reversed and Remanded


DATE OF JUDGMENT:      December 26, 2013


APPEARANCES:

For Plaintiff-Appellee                                    For Defendant-Appellant

MARIA N. KALIS                                           JESSICA G. FALLON
27 North 5th Street                                          713 South Front Street
Suite 201                                                    Columbus, OH 43206
Zanesville, OH 43701

*Farmer, P.J.*

{¶1}   On April 15, 2013, a criminal complaint was filed against appellant, Jason White, charging him with one count of assault in violation of R.C. 2903.13.  On May 1, 2013, a trial was set for May 24, 2013.  Appellant filed a jury trial demand on May 2, 2013.  A bench trial commenced on June 27, 2013.  By sentencing entry filed June 27, 2013, the trial court found appellant guilty and sentenced him to two hundred hours of community service.

{¶2}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶3}   "THE TRIAL COURT DID NOT HAVE JURISDICTION TO CONDUCT A BENCH TRIAL WHEN APPELLANT'S CONSTITUTIONAL RIGHT TO TRIAL BY JURY WAS VIOLATED BY THE TRIAL COURT'S FAILURE TO COMPLY WITH O.R.C. §2945.05."

II

{¶4}   "APPELLANT WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN TRIAL COUNSEL FAILED TO (1) OBJECT TO JOINDER OF THE CASES FOR TRIAL; (2) FILE A MOTION FOR SEVERANCE AND (2) (SIC) INSTRUCT APPELLANT AS TO THIS 5TH AMENDMENT RIGHT AGAINST SELF INCRIMINATION."

III

{¶5}   "THE TRIAL COURT PLAINLY ERRED BY VIOLATING APPELLANT'S CONSTITUTIONAL RIGHTS TO A FULL AND FAIR TRIAL BY JURY."

I

{¶6} Appellant claims the trial court erred in conducting a bench trial as opposed to a jury trial. We agree.

{¶7} Crim.R. 23(A) states the following in pertinent part:

> In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto.

{¶8} On May 1, 2013, a trial date was set for May 24, 2013. Appellant had filed a jury demand on May 2, 2013; therefore, it was timely made.

{¶9} Before the commencement of the bench trial, the following discussion was had between the trial court and defense counsel, Attorney Trafford Dick (T. at 5-6):

> THE COURT: (INAUDIBLE) - - and then on - - Mr. White has an assault, and it's six months in jail, a thousand dollars in fines if you reject the plea bargain. Who's Mr. White? Do you want to reject that plea bargain arrangement and take your chance on jail time?
> JASON WHITE: Yes, I do.

THE COURT: All right.  State ready to proceed?

MS. KALIS: We are Your Honor.  I'd just like to, for the record, in Mr. White's case, there was a request for a jury trial.  I talked to Mr. Dick.  I believe - - there's no - - not been a formal waiver, so I'd just like to address that on the record so we actually have that.

THE COURT: Are you waiving that, Mr. Dick?

MR. DICK: We - - we had - - I was actually just informed yesterday afternoon that he wanted to try this so I was - - had not filed a formal waiver.

THE COURT: All right.  But you are waiving?

MR. DICK: Yes.

THE COURT: Good enough.  All right.  State ready to proceed?

{¶10}  Appellant never filed a written withdrawal of his jury demand, and the trial court did not specifically address appellant as to his withdrawal.  R.C. 2945.05 governs "Defendant may waive jury trial" and states the following:

In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury.  Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof.  It shall be entitled in the court and cause, and in substance as follows: "I _____, defendant in the above

cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."

Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.

{¶11} Without a written waiver, we conclude appellant did not relinquish his right to a jury trial. See, *State v. Fish*, 104 Ohio App.3d 236 (1st Dist.1995); *State v. Cheadle*, 30 Ohio App.3d 253 (3rd Dist.1986). In addition, the state concedes the issue in its brief at 10.

{¶12} Assignment of Error I is granted.

II, III

{¶13} Based upon our decision in Assignment of Error I which necessitates a new trial, we find these assignments to be moot.

{¶14} The judgment of the County Court of Muskingum County, Ohio is hereby reversed.

By Farmer, P.J.

Wise, J. and

Baldwin, J. concur.

_____
Hon. Sheila G. Farmer


_____
Hon. John W. Wise


_____
Hon. Craig R. Baldwin

SGF/sg 1210

[Cite as *State v. White*, 2013-Ohio-5858.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JASON V. WHITE | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. CT2013-0039 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the County Court of Muskingum County, Ohio is reversed, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee.

_____
Hon. Sheila G. Farmer

_____
Hon. John W. Wise

_____
Hon. Craig R. Baldwin