[Cite as *State v. Mayo*, 2017-Ohio-1249.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 16CA26 |
| MICHAEL MAYO | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal appeal from the Knox County
Court of Common Pleas, Case No.
16CR06-100


JUDGMENT:      Reversed and remanded


DATE OF JUDGMENT ENTRY:      April 3, 2017


APPEARANCES:

For Plaintiff-Appellee
CHARLES MCCONVILLE
117 East High Street, Suite 234
Mount Vernon, OH 43050

For Defendant-Appellant
ERIC C. NEMECEK
1360 East 9th Street, Suite 650
Cleveland, OH 44114

*Gwin, P.J.*

{¶1}    Appellant Michael Mayo appeals his conviction of one count of importuning. The State of Ohio is the appellee.

*Facts & Procedural History*

{¶2}    Appellant posted an ad on Craigslist.  Detective Bobo of the Knox County Sheriff's Office responded to appellant's ad.  Detective Bobo sent a picture of his fake persona to appellant saying, "Hi I'm Hannah," and giving appellant a cell phone number to text.  Appellant responded and they texted back and forth.  The conversation turned sexual.  Detective Bobo testified he held himself out to be fifteen years of age and in high school.  Appellant set up a time and place to meet with "Hannah."  After confirming appellant's identity through pictures, Detective Bobo found appellant had a gray Toyota Tundra registered in his name.  Detective Bobo stated that appellant arrived at the appointed time to meet "Hannah" in the Toyota Tundra by the meeting spot.

{¶3}    Detective Bobo conducted a traffic stop of appellant's vehicle near the location where appellant and "Hannah" planned to meet.  Detective Bobo testified appellant admitted it was him texting with "Hannah," but said he was there to meet a girl to have dinner.  Appellant was arrested.  Appellant testified at trial that he thought "Hannah" was lying about her age when she said she was fifteen years old because he looked at a Facebook page of her and saw she was an older adult female.

{¶4}    On June 7, 2016, appellant was indicted on one count of importuning in violation of R.C. Section 2907.07(D)(2).  Appellant was arraigned and pled not guilty to the charge on June 10, 2016.  On June 13, 2016, the trial court set the matter for a jury

trial.  Appellant filed a motion to continue the jury trial.  The trial court granted appellant's motion to continue and rescheduled the trial for October 25, 2016.

{¶5}  On October 21, 2016, appellant filed a "waiver of right to jury trial."  The waiver was signed by appellant and appellant's attorney.  The waiver stated as follows: "Now comes the defendant, Michael A. Mayo, who hereby knowingly, intelligently, and voluntarily waives his right to a trial by jury.  Defendant requests that this matter proceed to a trial to the Court."

{¶6}  The trial court conducted a bench trial on October 25, 2016.  At the beginning of the trial, the trial court stated, "Let the record show the Defendant, Michael Mayo, is present in the courtroom represented by Attorney Jim Giles; the State's in the courtroom in the person of Chip McConville, Knox County Prosecuting Attorney.  This matter is set for a bench trial, Defendant having waived jury on October 21st."  The trial court then asked the parties if they were ready to proceed.  After both parties confirmed they were ready to proceed, the State made its opening statement.

{¶7}  Detective Bobo and appellant testified at the bench trial.  On October 26, 2016, the trial court issued a judgment entry finding appellant guilty of one count of importuning in violation of R.C. 2907.07(D)(2), ordering a pre-sentence investigation, and scheduling a sentencing hearing for December 2, 2016.  At the sentencing hearing, the trial court sentenced appellant to eleven months in prison and classified him as a Tier I sexual offender.

{¶8}  Appellant appeals his conviction and assigns the following as error:

{¶9}  "I. THE TRIAL COURT DID NOT HAVE JURISDICTION TO CONDUCT A BENCH TRIAL IN THIS CASE.

**{¶10}** "II. THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION IN THIS CASE.

**{¶11}** "III. THE TRIAL COURT ERRED BY PERMITTING THE STATE TO CONSTRUCTIVELY AMEND THE INDICTMENT.

**{¶12}** "IV. THE TRIAL COURT ERRED BY REJECTING MAYO'S ENTRAPMENT DEFENSE."

I.

**{¶13}** In his first assignment of error, appellant argues the trial court did not have jurisdiction to conduct a bench trial in this case. Specifically, appellant contends the jury waiver was not properly executed and failed to substantially comply with R.C. 2945.05 because it was not made in open court.

**{¶14}** R.C. 2945.05 governs the waiver of the right to a jury trial. The Supreme Court of Ohio reviewed R.C. 2945.05 in *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279 in which the defendant signed a written jury waiver, but was not questioned in open court regarding the waiver. Instead, the trial court stated in open court that there would be a waiver of a jury trial. *Id.* The Supreme Court found a valid jury waiver must meet five conditions; it must be (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court. *Id.*

**{¶15}** As to the open court requirement, the Supreme Court held, "to satisfy the 'in open court' requirement in R.C. 2945.05, there must be some evidence in the record that the defendant while in the courtroom and in the presence of counsel, if any, acknowledged the jury waiver to the trial court." *Id.* Absent such evidence, the waiver does not comply with the requirements of R.C. 2945.05 and is therefore invalid. *Id*; *State*

*v. George*, 5th Dist. Licking No. 2010CA00001, 2010-Ohio-3375; *State v. Teagarden*, 5th Dist. Licking No. 08-CA-39, 2008-Ohio-6986.

{¶16} This case is analogous to the *Lomax* case where four of the five requirements are not at issue. Appellant signed a written waiver, which was filed on October 21, 2016, and was made a part of the record. A written waiver is presumptively voluntary, knowing, and intelligent. *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279. While this Court has previously held nothing in R.C. 2945.05 requires a trial court engage in a colloquy with the defendant before accepting his waiver of a jury, we have held there must be some evidence in the record that the defendant acknowledged, in open court and in the presence of counsel, if represented, that he desires to waive his right to a jury trial. *State v. Teagarden*, 5th Dist. Licking No. 08-CA-39, 2008-Ohio-6986.

{¶17} Aside from the passing reference to the jury waiver of October 21st, the trial court did not address appellant and have him acknowledge in open court and in the presence of counsel that he was waiving his right to a jury trial. Because there is no indication from the transcript, nor any other evidence in the record, that appellant waived his right to a jury trial in open court, the requirements of R.C. 2945.05 were not met in this case and the waiver must be deemed invalid. In addition, appellee concedes in its brief that this case is analogous to the *Lomax* case, that the record in this case is devoid of any evidence appellant acknowledged the waiver in open court and in the presence of counsel, and that the trial court erred in not having appellant acknowledge the previously-filed written waiver.

**{¶18}** The Ohio Supreme Court and this Court have previously held that the proper remedy when a jury waiver is invalid is to remand the case to the trial court for a new trial. *State v. Pless*, 74 Ohio St.3d 333, 1996-Ohio-102, 658 N.E.2d 766; *State v. White*, 5th Dist. Muskingum No. CT2013-0039, 2013-Ohio-5858. Appellant's first assignment of error is sustained.

## II., III., IV.

**{¶19}** Based upon our decision in Assignment of Error I which necessitates a new trial, we find these assignments of error are moot. *State v. White*, 5th Dist. Muskingum No. CT2013-0039, 2013-Ohio-5858; *State v. George*, 5th Dist. Licking No. 2010CA00001, 2010-Ohio-3375.

{¶20} Accordingly, appellant's first assignment of error is sustained and the second, third, and fourth assignments of error are moot. The judgment of the Knox County Court of Common Pleas is reversed and remanded for a new trial.

By Gwin, P.J.,

Hoffman, J., and

Wise, Earle, J., concur