The STATE of Ohio, Appellee,

v.

PFLANZ, Appellant.

[Cite as *State v. Pflanz* (1999), 135 Ohio App.3d 338.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–990146.

Decided Oct. 22, 1999.

*Terrance R. Cosgrove,* City of Cincinnati Prosecutor, and *Michael J. Harmon,* Assistant City Prosecutor, for appellee.

*Elizabeth E. Agar,* for appellant.

WINKLER, Judge.

Defendant-appellant Steven Pflanz was convicted, after a bench trial, of one count of assault in violation of R.C. 2903.13, a misdemeanor of the first degree. Pflanz raises two assignments of error for our review; however, we *sua sponte* remove this case from the accelerated calendar to address an issue that renders those assignments of error moot and necessitates a reversal of this case.

■ While conducting our complete review of the record to assess the merits of Pflanz's first assignment of error dealing with weight and sufficiency of the evidence, we discovered that Pflanz filed a jury demand. Subsequently, Pflanz's case was tried to the bench. The record transmitted to this court for review does not reveal that a written jury waiver was ever filed with the clerk of courts and made a part of the record. Since this is plain error *per se,* we may address this issue even though it was not raised in the trial court or by Pflanz on appeal to this court. See Crim.R. 52(B); *State v. Morris* (Oct. 23, 1998), Hamilton App. No. C–971119, unreported, 1998 WL 735376; *State v. Berry* (Dec. 31, 1998), Hamilton App. No. C–970701, unreported, 1998 WL 906346.

■ A defendant in a petty offense case waives his right to a jury unless the defendant has filed a demand for a jury trial. See Crim.R. 23. Once the demand for a jury trial has been filed in a petty offense case, the trial judge may not try the defendant without a jury unless the defendant makes a knowing, voluntary, and intelligent waiver of his right to a jury trial, and that waiver is made a part of the record pursuant to R.C. 2945.05. See *State v. Tate* (1979), 59 Ohio St.2d 50, 13 O.O.3d 36, 391 N.E.2d 738; *State v. Cheadle* (1986), 30 Ohio App.3d 253, 30 OBR 412, 507 N.E.2d 426; *State v. Crawley* (Dec. 11, 1998), Hamilton App. No. C–980254, unreported, 1998 WL 852599; *State v. Whaley* (Jan. 26, 1983), Hamilton App. No. C–820254, unreported, 1983 WL 5405; see, also, *State v. Pless*

(1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph one of the syllabus. Due to the plain error involved in this case, we reverse the judgment based upon our determination that no jury waiver was filed.

Because Pflanz's assignments of error are made moot by our disposition in this case, we do not address them.

The judgment of the municipal court is reversed, and the cause remanded for further proceedings in accordance with law.

*Judgment reversed*
*and cause remanded.*

GORMAN, P.J., and SUNDERMANN, J., concur.