[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} The defendant-appellant, Jeff King, appeals from the trial court's order convicting and sentencing him on the charge of domestic violence, a violation of R.C. 2919.25. He was given a suspended sentenced of 180 days, placed on community control for the same length of time, ordered to attend AMEND classes for a year, and taxed court costs. In his four assignments of error, presented pro se, he asserts that the trial court erred by holding a bench trial without a valid waiver of his right to a jury trial, allowing the state to waive opening statement, finding him guilty based upon insufficient evidence, and, finally, deciding his guilt contrary to the manifest weight of the evidence. For the following reasons, we hold that none of the assignments have merit and thus affirm.
{¶ 3} Because the crime with which King was charged, a violation of R.C. 2919.25, was punishable only up to a period of six months for a first-degree misdemeanor, it is considered a petty offense. See Crim.R. 2(C) and (D). Accordingly, it was incumbent on King to demand a jury trial in writing in accordance with Crim.R. 23(A), and his failure to do so constituted a waiver of that right. See State v. Pflanz (1999),135 Ohio App.3d 338, 733 N.E.2d 1213. His first assignment is, therefore, overruled.
{¶ 4} With regard to King's second assignment of error, the decision whether to allow the state to waive opening statement was entirely within the discretion of the court, and it cannot be said to have prejudiced King's substantial rights.
{¶ 5} As for the weight and sufficiency of the evidence, King argues that the trial court should have accepted his version of events, in other words that he did not choke and physically assault his ex-wife while quarreling over visitation with their son. He highlights what he believes are inconsistencies in his wife's testimony. Having reviewed the record, however, we conclude that she quite clearly and consistently testified that he pushed her to the floor with his hands around her neck, and that while this was happening she "could not breathe whatsoever." Based upon her testimony, there was clearly sufficient evidence to convict him of causing physical harm to a former spouse under R.C. 2919.25(A), (B) and (E). And we cannot we say that the trial court lost its way or committed a miscarriage of justice in crediting her testimony. State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541.
{¶ 6} Therefore, the judgment of the trial court is affirmed.
{¶ 7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., HILDEBRANDT and GORMAN, JJ.