DECISION. *Page 2 
{¶ 1} Robert Anderson appeals his conviction for assault. We conclude that his assignments of error do not have merit, and we therefore affirm the judgment of the trial court.
 {¶ 2} Anderson was charged with misdemeanor assault in violation of R.C. 2903.13. The case was set for a jury trial on October 4, 2006. On that date, the case was continued at the request of the state until October 25. Anderson did not appear at the time scheduled for trial on October 25, so the trial court issued a capias for his appearance. The court recalled the capias when Anderson showed up later that day. Anderson and his attorney executed a waiver of a jury trial. And Anderson pleaded no contest to the charge. The trial court found him guilty. At the sentencing hearing, the court imposed a sentence of 180 days' confinement, with 90 days suspended. The court also ordered Anderson to pay restitution of approximately $2,000.
 {¶ 3} After the trial court had announced the sentence and restitution that it was imposing, Anderson informed the court that he had pleaded no contest on October 25 because he did not want to be jailed on the capias that the court had issued that day. He denied having touched the victim. The trial court refused Anderson's request to vacate his plea and imposed the sentence and the restitution that had been announced.
 {¶ 4} Before considering Anderson's assignments of error, we must address the jury waiver that was executed by Anderson. Although Anderson has not challenged his jury-trial waiver, the validity of a jury waiver is subject to plain-error review.[1] *Page 3 
 {¶ 5} Anderson was charged with assault, which is a petty offense.[2] As a petty-offense defendant, Anderson had to file a written jury demand if he wanted to be tried by a jury.[3] Anderson filed a jury-trial demand on July 21, 2006. Prior to accepting Anderson's no-contest plea, the trial court stated the following: "Okay. I understand a jury has been waived and you have decided you want to waive [a] jury trial." Anderson's counsel responded, "That's correct, your honor." Anderson was present during the exchange and did not dispute his attorney's statement. The issue is whether this exchange between the court and Anderson's counsel, in Anderson's presence, was sufficient to waive Anderson's right to a jury. We conclude that it was.
 {¶ 6} Once Anderson had filed his jury demand, his right to a jury trial could have been waived only in the manner provided by R.C.2945.05.[4] R.C. 2945.05 provides that the waiver shall be written, signed by the defendant, filed, and made a part of the record. The statute goes on to provide that "[s]uch waiver of trial by jury must be made in open court after the defendant has been arraigned and has had the opportunity to consult with counsel."[5]
 {¶ 7} Recently, in a case involving a felony offense, the Ohio Supreme Court clarified the meaning of "open court" as used in R.C.2945.05.[6] The court concluded that, to satisfy the open-court requirement, the defendant must "while in the courtroom and in the presence of counsel, if any, acknowledge to the trial court that the defendant wishes to waive the right to a jury trial."[7] *Page 4 
 {¶ 8} R.C. 2945.05 must be read in conjunction with Crim.R. 23(A). Crim.R. 23(A) distinguishes between jury-trial waivers in felony cases and those in petty-offense misdemeanor cases. To be valid in a felony case like Lomax, the defendant's waiver must be knowing, intelligent, and voluntary. It is clear that, to be valid, a jury waiver in a felony case must satisfy not only the R.C. 2945.05 requirements that the waiver be in writing, signed by the defendant, and made in open court, but also the Crim.R. 23(A) requirements that the waiver be made knowingly, intelligently, and voluntarily. To meet the Crim.R. 23(A) requirements, some type of colloquy must occur between the defendant and the trial court. In contrast, for a petty offense, there is no Crim.R. 23(A) requirement that the trial court must ascertain that the waiver is knowingly, intelligently and voluntarily made. The waiver need only satisfy the R.C. 2945.05 requirements. That is, it must be in writing, signed by the defendant, filed, recorded, and made in open court. We conclude that the exchange between the court and Anderson's counsel, with Anderson present, satisfied the open-court requirement of R.C.2945.05. The trial court did not err when it accepted the jury waiver.
 {¶ 9} We turn now to the assignments of error raised in Anderson's brief. For ease of discussion, we consider Anderson's second assignment of error first. In it, he claims that the trial court erred when it accepted his no-contest plea without having complied with Crim.R 11.
 {¶ 10} Under Crim.R 11(E), the trial court "shall not accept [a plea of guilty or no contest to a petty offense] without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty." The failure to substantially comply with Crim.R. 11(E) constitutes reversible error.[8] *Page 5 
 {¶ 11} The effect of a no-contest plea is explained in Crim.R. 11(B)(2): "The plea of no contest is not an admission of the defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Here, the court informed Anderson as follows: "No contest today means that you're admitting that the facts are turn [sic] on the assault charge. There is a maximum possible sentence of up to six months and a $1,000 fine. You may get less than that. You can not get more than that. That's the maximum possible sentence and you're not going to have a trial and there will be no testimony. You're agreeing to the facts[.]"
 {¶ 12} We conclude that the trial court substantially complied with Crim.R. 11(E) and properly accepted Anderson's no-contest plea. The trial court did not inform him that the no-contest plea could not be used against him. But such information, rather than dissuading a defendant from pleading, is an incentive to enter a no-contest plea.[9] Anderson was not prejudiced by the trial court's failure to mention it. The second assignment of error is overruled.
 {¶ 13} Anderson's first assignment of error is that the trial court erred when it denied his motion to vacate his plea. He contends that the trial court abused its discretion when it refused to vacate the plea to correct a manifest injustice.
 {¶ 14} Because his request to withdraw his plea was made after sentencing, Anderson had the burden to establish that a manifest injustice would result if the trial court did not grant the request.[10] The trial court's denial of Anderson's request is subject to an abuse-of-discretion review.[11] According to Anderson, his plea was not voluntarily *Page 6 
given. Instead, Anderson claims that he pleaded no contest only to avoid going to jail for the capias that the court had issued. After hearing his sentence, Anderson told the court that he had not touched the victim. But he contradicted this statement when he told the court that he had pushed the victim. Anderson also alleges that he had an affirmative defense to the charge. But this claim is not borne out by the record. During the plea hearing, Anderson's counsel explained that he and Anderson had discussed self-defense, but that there were elements of the defense that were missing.
 {¶ 15} We conclude that Anderson did not demonstrate that his plea was involuntary. There is nothing in the record that supports his claim that he was forced to choose between pleading or going to jail for the capias. Rather, it is clear from the record that Anderson had second thoughts about his plea only after he heard the sentence and the restitution that was ordered by the court. The trial court did not abuse its discretion when it refused to vacate the plea. The first assignment of error has no merit.
 {¶ 16} We therefore affirm the judgment of the trial court.
Judgment affirmed.
PAINTER, P. J., and DINKELACKER, J., concur.
[1] State v. Morris (Oct. 23, 1998), 1st Dist. No. C-971119; State v.Pflanz (1999), 135 Ohio App.3d 338, 733 N.E.2d 1212.
[2] Crim.R. 2(D).
[3] Crim.R. 23(A).
[4] State v. Tate (1979), 59 Ohio St.2d 50, 391 N.E.2d 738, syllabus.
[5] R.C. 2945.05.
[6] State v. Lomax, 114 Ohio St.3d 350, 2007-Ohio-4277,872 N.E.2d 279.
[7] Id. at ¶ 48.
[8] State v. Dews (Apr. 27, 2001), 1st Dist. No. C-000703, citingEuclid v. Muller (1999), 134 Ohio App.3d 737, 744, 732 N.E.2d 410.
[9] See State v. Howell, 7th Dist. No. 04 MA 31, 2005-Ohio-2927.
[10] Crim.R. 32.1; State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d 1324, paragraph one of the syllabus.
[11] Smith, supra, paragraph two of the syllabus. *Page 1