{¶ 47} For the following reasons, I respectfully dissent from the majority opinion overruling Perry's second assignment of error. I would reverse the trial court's finding that Perry effectively waived his right to a jury trial.
 {¶ 48} I find that the jury waiver in the case sub judice did not satisfy the requirement set forth in Lomax that an offender's jury waiver be "made in open court."
 "To be valid in a felony case like Lomax, the defendant's waiver must be knowing, intelligent, and voluntary. It is clear that, to be valid, a jury waiver in a felony case must satisfy not only the R.C. 2945.05 requirements that the waiver be in writing, signed by the defendant, and made in open court, but also the Crim. R. 23(A) requirements that the waiver be made knowingly, intelligently, and voluntarily. To meet the Crim. R. 23(A) requirements, some type of colloquy must occur between the defendant and the trial court." State v. Anderson, 1st Dist. No. C-070098, 2007-Ohio-6218. *Page 13 
I find the colloquy in the case sub judice insufficient to satisfyLomax and Crim. R. 23(A). The trial court asked Perry only one question:
"And were you going to have it tried to the bench or to thejury?"
Perry replied:
"A bench."
 {¶ 49} Thereafter, the record merely demonstrates that Perry spoke with counsel and signed the jury waiver form. Thus, Perry's only response regarding the waiver of his right to a jury trial was to state: "A bench."
 {¶ 50} As such, the trial court's colloquy with Perry fell short even of that conducted in Hunter. In Hunter, the offender provided at least three affirmative answers to questions posed by the trial court or by counsel, on the record, ensuring that Hunter knowingly, intelligently, and voluntarily waived his right to a jury trial. The trial court also informed Hunter that when opening statements begin, jeopardy would attach. Here, Perry's only interaction with the trial court was to indicate "[a] bench."
 {¶ 51} Thus, I cannot find that Perry's waiver was made in open court. Nor can I find that Perry's waiver was knowingly, intelligently, and voluntarily waived. *Page 1