[Cite as *State v. Taylor*, 2011-Ohio-4648.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :          APPEAL NO. C-110062
                                                   TRIAL NO. B-1007054
    Plaintiff-Appellee,            :
                                                   *O P I N I O N.*
  vs.                                  :

DONALD TAYLOR,                          :

    Defendant-Appellant.           :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  September 16, 2011


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *James Michael Keeling*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*J. Thomas Hodges*, for Defendant-Appellant.



Please note:  This case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}    Defendant-appellant Donald Taylor was indicted and tried to the bench for one count of kidnapping in violation of R.C. 2905.01(A)(3) and one count of abduction in violation of R.C. 2905.02(A)(2), both felonies.  Following the state's case-in-chief, Taylor moved for a judgment of acquittal pursuant to Crim.R. 29(A). The trial court granted the motion with respect to the kidnapping charge, but not the abduction charge.  The court found Taylor not guilty of abduction, but guilty of the lesser-included offense of unlawful restraint in violation of R.C. 2905.03, a third-degree misdemeanor.

{¶2}    On appeal, Taylor raises two assignments of error.  In the first, he argues that his conviction was contrary to the manifest weight of the evidence, and in the second, he argues that the trial court erred in holding a bench trial without including a jury waiver in the record.  We address the second assignment of error first because it implicates the trial court's exercise of jurisdiction.

{¶3}    Section 5, Article I, of the Ohio Constitution guarantees that the "right of trial by jury shall be inviolate * * * ."  Likewise, the Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed * * * ."  *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279, ¶6, citing *Duncan v. Louisiana* (1968), 391 U.S. 145, 88 S.Ct. 1444.

{¶4}    "In serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to a trial

by jury. Such waiver may also be made during trial with the approval of the court and the consent of the prosecuting attorney. In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial." Crim.R. 23(A). Under R.C. 2945.05, a jury waiver must be "(1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court." *Lomax* at ¶9. "Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction *to try* the defendant without a jury." *State v. Pless*, 74 Ohio St.3d 333, 1996-Ohio-102, 658 N.E.2d 766, paragraph one of the syllabus (emphasis added). See, also, *State v. Pflanz* (1999), 135 Ohio App.3d 338, 733 N.E.2d 1212 (holding that a trial court committed plain error in conducting a bench trial where no jury waiver was filed and made part of the record).

{¶5} Although Taylor was ultimately convicted of only a petty offense, he was indicted and tried to the bench on two serious offenses. See Crim.R. 2(C) and (D) (defining "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months" and "petty offense" as "a misdemeanor other than a serious offense"). Thus, strict compliance with R.C. 2945.05 was mandatory. Because, as the state concedes, no jury waiver was filed and made part of the record in this case, the trial court lacked jurisdiction to hold a bench trial. See *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶26 (explaining that the failure to comply with R.C. 2945.05 does not affect a trial court's subject-matter jurisdiction, but rather involves "error in the court's exercise of its jurisdiction"). For this reason, we sustain the second assignment of error.

{¶6} Because our disposition of the second assignment of error renders the first assignment of error moot, we decline to address it. See App.R. 12(A)(1)(c); *Pflanz* at 340.

**{¶7}** Therefore, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion and the law.

Judgment reversed and cause remanded.

**DINKELACKER, P.J.,** and **SUNDERMANN, J.,** concur.

Please Note:

The court has recorded its own entry this date.