[Cite as *State v. Diallo*, 2011-Ohio-5914.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-100828 |
| | | TRIAL NO. B-1000263 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| MAMA DIALLO, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  November 18, 2011

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Rachel Lipman Curran*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bruce K. Hust*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Following a bench trial, defendant-appellant Mama Diallo was convicted of possessing more than 200 grams but less than 1000 grams of marijuana in violation of R.C. 2925.11(A), a fifth-degree felony. R.C. 2925.11(C)(3)(c). In his single assignment of error, Diallo argues that his conviction was contrary to the manifest weight of the evidence. See *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541.

{¶2} While reviewing the entire record to assess the merits of his appeal, we found no written jury waiver signed by Diallo. This omission is plain error that we may address sua sponte. *State v. Pflanz* (1999), 135 Ohio App.3d 338, 339, 733 N.E.2d 1212, citing Civ.R. 52(B).

{¶3} Section 5, Article I, of the Ohio Constitution guarantees that the "right of trial by jury shall be inviolate * * * ." Likewise, the Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed * * * ." *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279, ¶6, citing *Duncan v. Louisiana* (1968), 391 U.S. 145, 88 S.Ct. 1444.

{¶4} In a serious offense case, the defendant may knowingly, intelligently, and voluntarily waive in writing his or her right to a jury trial. Crim.R. 23(A). Under R.C. 2945.05, this waiver must be "(1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court." *Lomax* at ¶9. Absent strict compliance with these statutory requirements, "a trial court lacks jurisdiction

to try the defendant without a jury." *State v. Pless*, 74 Ohio St.3d 333, 1996-Ohio-102, 658 N.E.2d 766, paragraph one of the syllabus. See, also, *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶26 (explaining that the failure to comply with R.C. 2945.05 does not affect a trial court's subject-matter jurisdiction, but rather involves "error in the court's exercise of its jurisdiction.").

{¶5}  Because Diallo was tried for a serious offense, he had to waive his right to a jury trial pursuant to R.C. 2945.05 for the trial court to conduct a bench trial. *State v. Taylor*, 1st Dist. No C-110062, 2011-Ohio-4648, ¶5. See also Crim.R. 2(C) (defining "serious offense" as including "any felony"). There is, however, no written jury waiver signed by Diallo in the record. Thus, the trial court erred in the exercise of its jurisdiction by trying Diallo without a jury. See id.

{¶6}  Faced with this plain error, we must reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion and the law. Because this disposition renders Diallo's single assignment of error moot, we decline to address it. See App.R. 12(A)(1)(c); *Taylor* at ¶6.

Judgment reversed and cause remanded.

**SUNDERMANN, P.J.,** and **CUNNINGHAM, J.,** concur.

Please Note:

The court has recorded its own entry this date.