[Cite as *State v. Meadows*, 2015-Ohio-3117.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140593 |
| | | TRIAL NO. 14CRB-8751 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| MORTIZE MEADOWS, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  August 5, 2015

*Paula Boggs Muething*, City Solicitor, *Heidi Rosales*, City Prosecutor, and *Jennifer Bishop*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann*, Assistant Public Defender, for Defendant-Appellant.

Please note:  we have removed this case from the accelerated calendar.

**MOCK, Judge.**

{¶1}    Defendant-appellant Mortize Meadows was convicted, after a bench trial, of one count of misdemeanor domestic violence in violation of R.C. 2919.25. While Meadows raises four assignments of error on appeal, we address only his fourth assignment of error as it is dispositive.

{¶2}    Meadows claims that the trial court improperly conducted a bench trial to determine his guilt. We agree. Meadows filed a written demand for a jury trial, and no subsequent written jury waiver appears in the record. This court has held that "[o]nce the demand for a jury trial has been filed in a petty offense case, the trial judge may not proceed to try the defendant without a jury unless the defendant makes a knowing, voluntary, and intelligent waiver of his right to a jury trial, and that waiver is made a part of the record pursuant to R.C. 2945.05." *State v. Pflanz*, 135 Ohio App.3d 338, 339, 733 N.E.2d 1212 (1st Dist.1999), citing *State v. Tate*, 59 Ohio St.2d 50, 391 N.E.2d 738 (1979). Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury. *State v. Pless*, 74 Ohio St.3d 333, 658 N.E.2d 766 (1996), paragraph one of the syllabus.

{¶3}    Since no jury waiver was filed, the trial court was without jurisdiction to conduct a bench trial. We sustain Meadows's fourth assignment of error, reverse the judgment of the trial court, and remand the cause for either a jury trial or a bench trial after the proper execution of a jury waiver pursuant to R.C. 2945.05. His remaining assignments of error are made moot by our disposition of the fourth assignment of error.

Judgment reversed and cause remanded.

**CUNNINGHAM, P.J.**, and **STAUTBERG, J.**, concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.

2