[Cite as *State v. Jackson*, 2017-Ohio-917.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160306 |
| | | TRIAL NO. B-1502852 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| JOHN JACKSON | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Vacated and Cause Remanded

Date of Judgment Entry on Appeal: March 15, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Carrie Wood*, Assistant Public Defender, for Defendant-Appellant.

**MOCK, Presiding Judge.**

{¶1} Defendant-appellant John Jackson was indicted on one count of failing to provide a notice of a change of his address in violation of R.C. 2950.05, a felony of the third degree. *See* R.C. 2950.99(A)(1). After a bench trial, the trial court found Jackson guilty and sentenced him accordingly.

{¶2} In one assignment of error, Jackson claims that his conviction was based upon insufficient evidence. While Jackson did not raise the issue, we must first address the question of whether the trial court properly conducted a bench trial. *See State v. Diallo*, 1st Dist. Hamilton No. C-100828, 2011-Ohio-5914, ¶ 2.

{¶3} Section 5, Article I, of the Ohio Constitution guarantees that the "right of trial by jury shall be inviolate * * *." Because Jackson was tried for a serious offense, he had to waive his right to a jury trial pursuant to R.C. 2945.05 for the trial court to conduct a bench trial. *See State v. Taylor*, 1st Dist. Hamilton No. C-110062, 2011-Ohio-4648, ¶ 5. The waiver was required to be "in writing, signed by the defendant, and filed in said cause and made a part of the record thereof." R.C. 2945.05. In the absence of strict compliance with R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury. *State v. Pless*, 74 Ohio St.3d 333, 337, 658 N.E.2d 766 (1996); *State v. Meadows*, 1st Dist. Hamilton No. C-140593, 2015-Ohio-3117, ¶ 2.

{¶4} In this case, there is nothing in the record to indicate that Jackson waived his right to a jury trial. The transcript does not contain a hearing in which Jackson executed a waiver, and no written waiver appears in the record. Since a jury waiver was not properly executed, the trial court was without jurisdiction to conduct a bench trial.

{¶5} Since the trial court lacked jurisdiction to proceed to a bench trial in this matter, we vacate the judgment of the trial court and remand this cause with

instructions to proceed to a jury trial or to allow Jackson to properly execute a jury waiver in order to proceed to a trial to the court.

Judgment vacated and cause remanded.

**CUNNINGHAM** and **MYERS, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

