[Cite as *State v. Krankovich*, 2021-Ohio-4297.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
HARRISON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

KETURAH KRANKOVICH,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 21 HA 0001

---

Criminal Appeal from the
Harrison County Court of Harrison County, Ohio
Case No. CRB-19-222

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Vacated, Reversed and Remanded.

---

*Atty. Lauren E. Knight,* Prosecuting Attorney, and *Atty. Jack Felgenhauer,* Assistant Prosecuting Attorney, 111 West Warren Avenue, P.O. Box 248, Cadiz, Ohio 43907, for Plaintiff-Appellee and

*Atty. Ronald Yarwood, Atty. James S. Gentile,* and *Atty. Edward Czopur,* DeGenova & Yarwood, Ltd*.,* 42, North Phelps Street, Youngstown, Ohio 44503, for Defendant-Appellant.

Dated:  November 22, 2021

_____

**D'APOLITO, J.**

{¶1}    Appellant, Keturah Krankovich, appeals from the September 16, 2020 and December 15, 2020 judgments of the Harrison County Court convicting and sentencing her for aggravated menacing and resisting arrest following a bench trial.  On appeal, Appellant asserts the trial court erred in conducting a bench trial because she demanded a trial by jury and Appellant never waived her right to a trial by jury.  In the alternative, Appellant argues the trial court lacked sufficient evidence to convict her on both charges and/or alleges that her convictions are against the manifest weight of the evidence.  For the reasons stated, because Appellant was denied her right to a trial by jury, we vacate her conviction and sentence, reverse the judgments of the trial court and remand for a new trial.

## FACTS AND PROCEDURAL HISTORY

{¶2}    On August 12, 2019, Appellee, the State of Ohio, filed a criminal complaint against Appellant charging her with aggravated menacing, a misdemeanor of the first degree, in violation of R.C. 2903.21(A), and resisting arrest, a misdemeanor of the second degree, in violation of R.C. 2921.33(A).  Appellant pleaded not guilty to both charges.  On August 29, 2019, Appellant's counsel filed a "Notice of Appearance, Waiver of Time, and Demand for Jury Trial."

{¶3}    On October 16, 2019, the trial court initially set the matter for a trial by jury which was scheduled for February 13, 2020.  Appellant's counsel subsequently withdrew and Appellant proceeded pro se.  On February 7, 2020, Appellant filed a pro se motion again demanding a trial by jury.

{¶4}    Notwithstanding the foregoing demands and the scheduled trial by jury, a bench trial commenced on February 14, 2020.  Prior to beginning trial, the following dialogue occurred between the trial judge and Appellant:

THE COURT: And Ms. Krankovich, are you prepared to proceed?

MS. KRANKOVICH: No. I requested - - my previous attorney, Mr. - - the one from Columbus, he requested a jury trial and I am not prepared for this. No.

THE COURT: I think we discussed this at every one of the pretrial conferences over the course of the past several months and you had indicated to me at the last one that you were prepared to proceed whether you were represented by counsel or not

MS. KRANKOVICH: That was for the DUI that was three years long that you took over a year to answer one of the motions, Your Honor.[1]

THE COURT: No, both cases were set for pretrial on all those dates.

MS. KRANKOVICH: I was not under that impression. I was under the impression that was the three year old DUI that was set for trial.

THE COURT: No. We were very clear that both of them were set. And we discussed that again yesterday. So it's going to go forward today as I had indicated - -

MS. KRANKOVICH: I'll just (inaudible).

THE COURT: - - in the past pretrial conferences and it's going forward today.

Any opening statement by the State?

[PROSECUTOR]: Thank you, Your Honor.

MS. KRANKOVICH: I'm not doing this.

---

[1] In those cases, because the trial by jury for OVI, resisting arrest, and disorderly conduct commenced in violation of Appellant's statutory speedy trial rights, this court reversed Appellant's conviction and sentence, vacated the judgment of the trial court, and dismissed the matter with prejudice. *State v. Krankovich*, 7th Dist. Harrison Nos. 20 HA 0002 and 20 HA 0004, 2021-Ohio-2366.

Case No. 21 HA 0001

(2/14/2020 Bench Trial T.p., p. 3-4)

{¶5}   Although Appellant had twice demanded a trial by jury in writing, which the trial court initially set, and stated on the record that she was not prepared to proceed, the court nevertheless began a bench trial on February 14, 2020.  The bench trial did not conclude on that date.  Rather, the proceedings were recessed and set to resume at a later time.

{¶6}   In the interim, on March 16, 2020, the trial court filed an "Order Declaring A Judicial Emergency And Continuity Of Operations Of The Court Due To Covid-19 Pandemic."  The Supreme Court of Ohio subsequently filed actions tolling the time requirements due to the pandemic.

{¶7}   The bench trial was set to resume on July 22, 2020.  Five days before that scheduled date, Appellant retained new counsel.  Appellant's representatives filed a "Motion To Convert Bench Trial To A Pretrial."  The trial court continued the bench trial to September 16, 2020.

{¶8}   On August 17, 2020, Appellant's counsel filed a "Motion To Enforce Jury Trial Right," stressing the following: a jury demand had been filed on August 29, 2019; despite this demand, Appellant was not afforded a trial by jury; a bench trial was started on February 14, 2020 but not finished; at that time, Appellant did not have counsel; and the bench trial conducted here was done so without jurisdiction and as a result is void.  Appellant's third written demand for trial by jury was denied by the trial court during the morning when the bench trial resumed, September 16, 2020.  Specifically, the trial court determined that although Appellant timely filed a written jury demand, such would not be honored because she did not pay the deposit required by its local rule.

{¶9}   Following the bench trial, on September 16, 2020, Appellant was found guilty on both counts as charged in the complaint.  On December 15, 2020, the trial court consecutively sentenced Appellant as follows: on count one, 180 days in jail, 170 days suspended, plus a $1,000 fine, $750 suspended; and on count two, 90 days in jail, 80 days suspended, plus a $500 fine, $300 suspended.  The court further placed Appellant on supervised probation, ordered that she pay fines and costs, and ordered that she have

no contact with the victim. Appellant filed a timely appeal and raises five assignments of error.[2]

## ASSIGNMENT OF ERROR NO. 1

**APPELLANT WAS DENIED HER RIGHT TO A JURY TRIAL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AS WELL AS ARTICLE I, SECTIONS 5 AND 10 OF THE OHIO CONSTITUTION WHEN THE TRIAL COURT FORCED HER TO A TRIAL TO THE BENCH AFTER ADMITTING A TIMELY JURY DEMAND WAS MADE.**

{¶10} Appellant's first assignment of error, in which she argues that she was denied her right to a trial by jury, is dispositive of this appeal.

{¶11} The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, guarantees a criminally accused the right to trial by jury. *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, ¶ 6, citing *Duncan v. Louisiana*, 391 U.S. 145 (1968).

{¶12} Crim.R. 23 also addresses trial by jury, and states in part:

(A) Trial by Jury. * * * In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto.

Crim.R. 23(A).

{¶13} Regarding waiver, R.C. 2945.05 provides:

---

[2] Appellant's sentence was stayed pending appeal.

In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I _____, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."

Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.

R.C. 2945.05.

**{¶14}** Regarding petty offense cases and the right to a trial by jury, the Supreme Court of Ohio has held:

Where a defendant in a petty offense case has a right to a trial by jury and pleads not guilty and demands a jury trial in the manner provided by Crim.R. 23(A), it must appear of record that such defendant waived this right in writing in the manner provided by R.C. 2945.05, in order for the trial court to have jurisdiction to try the defendant without a jury.

*State v. Tate*, 59 Ohio St.2d 50 (1979), syllabus.

**{¶15}** A criminal defendant in a petty offense case has the right to a trial by jury if the punishment includes the potential for incarceration. *Id.* at 51-52.

**{¶16}** The instant matter involves petty offenses as Appellant was charged, convicted, and sentenced for misdemeanors of the first and second degrees. Since the potential, as well as the actual, penalty imposed for these misdemeanor violations were imprisonment, Appellant possessed the right to a trial by jury. *See* R.C. 2929.24

("Misdemeanor jail terms," (A)(1) not more than 180 days in jail for a first degree misdemeanor; (2) not more than 90 days in jail for a second degree misdemeanor); R.C. 2945.17 ("Right of trial by jury").

**{¶17}** "Once a defendant in a petty offense case requests a trial by jury, the trial court may not conduct a bench trial 'unless the defendant makes a knowing, voluntary, and intelligent waiver of his right to a jury trial, and that waiver is made part of the record pursuant to R.C. 2945.05.'" *Columbus v. Davis*, 10th Dist. Franklin Nos. 19AP-715, 716, 717, 718, 719, 2021-Ohio-2114, ¶ 47, quoting *State v. Pflanz*, 135 Ohio App.3d 338, 339 (1st Dist.1999), citing *Tate, supra.*

**{¶18}** As stated, the record reveals that Appellant, through counsel, filed a timely written jury demand on August 29, 2019. That demand complied with the requirements of Crim.R. 23(A) as it was filed in writing and made within the specified deadline. The trial court initially acknowledged Appellant's written jury demand and originally set the matter for a trial by jury which was scheduled for February 13, 2020. Appellant's counsel subsequently withdrew and Appellant proceeded pro se. On February 7, 2020, Appellant filed a pro se motion again demanding a trial by jury. Notwithstanding the foregoing demands and the scheduled trial by jury, the trial court instead held a bench trial, which commenced on February 14, 2020.

**{¶19}** Although Appellant had twice demanded a trial by jury in writing, which the trial court initially set, and stated on the record that she was not prepared to proceed, the court nevertheless began a bench trial on February 14, 2020. The bench trial did not conclude on that date. Rather, the proceedings were recessed and ultimately set to resume on September 16, 2020, due to the Covid-19 pandemic and tolling events.

**{¶20}** Appellant retained new counsel. On August 17, 2020, Appellant's counsel filed a "Motion To Enforce Jury Trial Right," stressing the following: a jury demand had been filed on August 29, 2019; despite this demand, Appellant was not afforded a trial by jury; a bench trial was started on February 14, 2020 but not finished; at that time, Appellant did not have counsel; and the bench trial conducted here was done so without jurisdiction and as a result is void. Appellant's third written demand for trial by jury was denied by the trial court during the morning when the bench trial resumed, September 16, 2020. Specifically, the trial court determined that although Appellant timely filed a written

Case No. 21 HA 0001

jury demand, such would not be honored because she did not pay the deposit required by its local rule.

**{¶21}** In support of its agreement with the trial court's decision, the State cites to *Walters v. Griffith*, 38 Ohio St.2d 132 (1974), for the following proposition:

> Local court rules, requiring an advance deposit as security for the costs of a jury trial and providing that the failure of a party to advance such deposit constitutes a waiver of the right to a trial by jury, are moderate and reasonable regulations of the right of trial by jury, and are constitutional and valid.

*Id.* at syllabus.

**{¶22}** *Walters* is a civil case involving a suit regarding $600 in architectural services rendered. As such, *Walters* has no application to this criminal case at bar.

**{¶23}** Regarding criminal cases, the law is clear that "[a] jury trial in a municipal court shall be demanded in the manner prescribed in the * * * Rules of Criminal Procedure." R.C. 1901.24(A). At issue here is Crim.R. 23 which governs jury demands in petty offense cases. Again, Appellant's August 29, 2019 jury demand complied with the requirements of Crim.R. 23(A) as it was filed in writing and made within the specified deadline.

**{¶24}** The law is also clear that Appellant could not be tried without a jury unless she filed a written waiver of the jury demand in accordance with R.C. 2945.05. The record reveals that Appellant demanded a trial by jury. The trial court even set the matter for a trial by jury. Appellant never waived her jury demand. Thus, the trial court was without jurisdiction to conduct a bench trial. *See State v. Hendricks*, 5th Dist. No. 14-CA-34, 2015-Ohio-510, ¶ 13; *State v. Flaningan*, 11th Dist. Portage Nos. 2013-P-0033 and 2013-P-0034, 2014-Ohio-1155, ¶ 29. Because Appellant had a right to be tried by a jury and did not waive that right, her convictions must be reversed and the matter remanded for a new trial. *Hendricks, supra,* at ¶ 14; *Flaningan, supra,* at ¶ 37; *Davis, supra,* at ¶ 48.

**{¶25}** Appellant's first assignment of error has merit.

**ASSIGNMENT OF ERROR NO. 2**

**THE CONVICTION FOR AGGRAVATED MENACING WAS BASED ON INSUFFICIENT EVIDENCE AS THERE WAS NO PROOF THAT THE ALLEGED "VICTIM" ACTUALLY FEARED HARM.**

**ASSIGNMENT OF ERROR NO. 3**

**THE CONVICTION FOR AGGRAVATED MENACING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THERE WAS NO TESTIMONY THAT THE ALLEGED "VICTIM" EXPERIENCED ANY FEAR OF HARM.**

**ASSIGNMENT OF ERROR NO. 4**

**THE CONVICTION FOR RESISTING ARREST WAS NOT BASED ON SUFFICIENT EVIDENCE AS THE STATE FAILED TO PROVE AN AFFIRMATIVE ACT OF RESISTING.**

**ASSIGNMENT OF ERROR NO. 5**

**THE CONVICTION FOR RESISTING ARREST WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THERE WAS NO TESTIMONY THAT APPELLANT ACTUALLY RESISTED.**

{¶26} Based on this court's disposition in Appellant's first assignment of error, we find Appellant's second through fifth assignments, dealing with sufficiency and manifest weight of the evidence, moot. *See* App.R. 12(A)(1)(c); *State v. Bell*, 2d Dist. Greene No. 2017-CA-8, 2017-Ohio-7512, ¶ 23 (sufficiency and manifest weight of the evidence assignments of error are rendered moot when an appellate court reverses and remands a matter for a trial by jury due to a trial court's lack of jurisdiction to conduct a bench trial).

**CONCLUSION**

**{¶27}** For the foregoing reasons, Appellant's first assignment of error is well-taken, thereby rendering her second through fifth assignments moot. Because Appellant was denied her right to a trial by jury, her conviction and sentence are vacated, the judgments of the Harrison County Court are reversed and the matter is remanded for a new trial.

Donofrio, P.J., concurs.

Waite, J., concurs.

For the reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that because Appellant was denied her right to a trial by jury, we vacate Appellant's conviction and sentence. The judgments of the Harrison County Court of Harrison County, Ohio, are reversed. We hereby remand this matter to the trial court for a new trial. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case No. 21 HA 0001