[Cite as *State v. Foster*, 2022-Ohio-1293.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210447 |
| | | TRIAL NO. B-2006664 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| VS. | | |
| | : | |
| VATON FOSTER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: April 20, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond L. Katz,* for Defendant-Appellant.

**CROUSE, Judge.**

{¶1}  Defendant-appellant Vaton Foster appeals his felony conviction for domestic violence.  For the following reasons, we reverse the judgment of the trial court, and remand the cause for a new trial.

### *Facts and Procedure*

{¶2}  Foster was indicted for one count of domestic violence under R.C. 2919.25(A), a felony of the fourth degree.  Foster proceeded to a bench trial and was found guilty as charged.  He was sentenced to three years of community control with the condition of a maximum of six months residential treatment at River City Correctional Center.  He timely appealed.

{¶3}  In one assignment of error, Foster contends that his conviction was against the manifest weight of the evidence.  However, the state submits that the cause must be reversed and remanded for a new trial because a written jury waiver was not filed and made part of the record.

### *Courts must strictly comply with R.C. 2945.05*

{¶4}  Although the jury-waiver issue was not raised by appellant as an assignment of error, this court can address it because failure to file a written jury waiver, signed by the defendant, amounts to plain error per se.  *State v. Pflanz*, 135 Ohio App.3d 338, 339, 733 N.E.2d 1212 (1st Dist.1999), citing Crim.R. 52(B), *State v. Morris*, 1st Dist. Hamilton No. C-971119, 1998 Ohio App. LEXIS 4922 (Oct. 23, 1998), and *State v. Berry*, 1st Dist. Hamilton No. C-970701, 1998 Ohio App. LEXIS 6409 (Dec. 31, 1998).

{¶5}  R.C. 2945.05 provides that a defendant's waiver of a trial by jury "shall be in writing, signed by the defendant, and filed in said cause and made a part of the

2

record thereof. * * * Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel." *See generally State v. Lomax,* 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279 (holding a jury waiver must be in writing, signed by the defendant, filed, made part of the record, and made in open court).

{¶6}   "Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury." *State v. Pless,* 74 Ohio St.3d 333, 339, 658 N.E.2d 766 (1996).

{¶7}   We have reviewed the record certified to us and agree with the state that there is no written jury waiver in the record.  Because the trial court did not strictly comply with R.C. 2945.05, we hold it did not have jurisdiction to try Foster's case without a jury.

### *Conclusion*

{¶8}   In light of the foregoing analysis, we reverse the judgment of the trial court, and remand the cause for a new trial.  Our decision renders moot Foster's sole assignment of error and we decline to address it.   *See* App.R. 12(A)(1)(c).

Judgment reversed and cause remanded.

**MYERS, P. J.,** and **BERGERON, J.,** concur.


Please note:

The court has recorded its entry on the date of the release of this opinion.

3