[Cite as *State v. Frazier*, 2024-Ohio-935.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230177 |
| | | TRIAL NO. B-2203993 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| DAMON FRAZIER, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: March 15, 2024


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins*, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

**{¶1}** Damon Frazier appeals his conviction for aggravated robbery with firearm specifications following a bench trial. In four assignments of error, Frazier argues that the trial court violated his right to a jury trial, his conviction was not supported by sufficient evidence and was contrary to the manifest weight of the evidence, and the sentence was contrary to law.

**{¶2}** In his first assignment of error, Frazier contends that the trial court violated Frazier's constitutional right to a jury trial when the trial court proceeded to a bench trial without first addressing Frazier in open court and confirming that his waiver was made knowingly, voluntarily, and intelligently, as required by R.C. 2945.05.

**{¶3}** To be a valid jury waiver, under R.C. 2945.05, the waiver "must be (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court." *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279, ¶ 9. Absent strict compliance with those five elements, a trial court does not have jurisdiction to conduct a bench trial. *State v. Pless*, 74 Ohio St.3d 333, 658 N.E.2d 766 (1996), paragraph one of the syllabus; *State v. Taylor*, 1st Dist. Hamilton No. C-110062, 2011-Ohio-4648, ¶ 4.

**{¶4}** To satisfy the "open court" requirement, there must be some evidence in the record that the defendant, while in the courtroom and in the presence of counsel, acknowledged the jury waiver to the trial court. *Lomax* at ¶ 49. Although Frazier executed a written waiver, there is no evidence in the record that the waiver was made in open court. Absent such evidence, the waiver is invalid. *See id.* The state concedes

that the trial court did not address the written jury waiver in open court, and therefore, lacked jurisdiction to conduct a bench trial.

{¶5} Accordingly, we sustain the first assignment of error, reverse the judgment of the trial court, and remand the cause to the trial court for a new trial. Frazier's remaining assignments of error are made moot by our disposition of his first assignment of error, and we do not address them.

Judgment reversed and cause remanded.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.